CHARLES GOSLEN *vs.* GEORGE CAMPBELL.

Kennebec.    Opinion February 12, 1896.

*Sales.   Payment.   Waiver.*

</div>

It is a question of fact for the jury, whether an oral contract of sale of chattels was on the condition that the title should not pass until payment was made.

It is also a question of fact for the jury to determine upon the evidence whether such condition was waived. When the evidence upon both points is not so clear and free from doubt as to justify ordering a nonsuit, the whole case should be submitted to the jury.

ON EXCEPTIONS.

This was an action of replevin of four cords of wood. It was tried in the Superior Court for Kennebec county, where the presiding justice ordered a nonsuit.

The plaintiff introduced evidence tending to show that he agreed to sell defendant four cords of wood to be delivered at defendant's house and that defendant said the pay should be ready when the wood was hauled.

Under the agreement, plaintiff's hired man delivered the wood, and on unloading the last of it knocked at the door of the house and called for his money. Defendant's wife told him her husband was at the office and to go there for the pay. The man went and was told he must wait until Saturday as defendant had no money. On Saturday he was told practically the same thing and then the plaintiff Goslen, himself, called and repeated his call seven or eight times in two weeks. This replevin suit was then brought on the theory that the title never passed to defendant.

*Harvey D. Eaton*, for plaintiff.

Where a sale is agreed upon and nothing is said about payment, the law will presume that payment is to be made on delivery, and on failure to comply with a request therefor the seller may at once retake possession of his goods even though he have actually delivered them. *Robbins* v. *Harrison*, 31 Ala. 160, 497; *Hundley* v. *Bucknor*, 14 Miss. 70; *Genin* v. *Tompkins*, 12 Barb. 275. Counsel also cited: *Leven* v. *Smith*, 1 Denio, 573; *Wilmarth* v. *Mountford*, 4 Wash. 79; *Peabody* v. *Maguire*, 79 Maine, p. 585. Waiver: *Peabody* v. *Maguire*, supra; *Hill* v. *Hobart*, 16 Maine, 168; *Diehl* v. *Adams County Mut. Ins. Co.* 58 Pa. 452.

*W. T. Haines*, for defendant.

The time of payment was not a condition of the trade upon which the wood was sold, but simply a casual remark of the defendant after the trade was made and the plaintiff had agreed to deliver the wood, such as any man would make in buying an article in a store, or anywhere else, meaning and being understood that he would pay for the same promptly; such remarks do not make a cash trade or a sale of goods for cash.

The first time the plaintiff asked the defendant to pay for the wood and the defendant didn't have the money to pay, he told

the defendant that it was all right and that he would wait till Saturday. This point was not argued as a waiver, but as showing that the original sale was not intended for cash; that he was willing to wait in accordance with the intended terms of the sale.

The question of intent is what will govern in regard to the sale. What did the parties mean when they traded? Was it the intention of the plaintiff to sell his wood only on condition that he should have his pay on the delivery? Is that the fair import of the contract as gathered from his own testimony and that of his witnesses? This is the question and the only question. In other words, was the sale executed or executory? Benj. Sales, §§ 313-317.

The fundamental rule as stated in 2 Kent Com. p. 492, is as follows: "When the terms of the sale are agreed on and the bargain is struck and everything that the seller has to do with the goods is completed, the contract of the sale becomes absolute between the parties without actual payment or delivery." Whereas, in an executory agreement the goods remain the property of the seller until the contract is executed.

But in those cases which hold that, when the sale is for cash, payment is a condition precedent to passing of title, it has been uniformly held that the seller waives the condition when he makes complete delivery without expressly reserving title to himself. But in case where immediate payment is required by the contract, and the buyer upon obtaining possession of the goods refuses to pay, the seller may then rescind the contract and retake possession.

The conduct of the plaintiff and the manner in which he delivered the wood and that of his agent in not trying to collect for it immediately, evidently being willing to wait for his pay until such a time as he wanted the money to buy grain for his horse, would plainly establish a waiver no one can doubt, if there was any evidence in the case to show at the outset that there was any condition of the sale to be waived.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

STROUT, J.  The contention in this case is whether title to the wood delivered by plaintiff to defendant, passed upon the delivery and before payment.  Plaintiff claimed that payment was to be made immediately upon delivery, and that such payment was a condition upon the performance of which defendant should acquire title.  The contract was verbal.  It was for the jury to determine what the contract was.  Its terms, as stated by the plaintiff and his witnesses, would authorize a jury, if they believed the testimony, to find that payment was to be concurrent with delivery, and that the title did not pass until payment was made.  The rule of law is fully stated in *Ballantyne* v. *Appleton*, 82 Maine, 573.  See also *Furniture Company* v. *Hill*, 87 Maine, 22.

It was also claimed that if the sale was originally conditioned upon payment, the condition had been waived by the plaintiff; that his conduct after the delivery was evidence of such waiver. Whether he intended to waive the condition, and change a conditional to an absolute sale on credit, was a question of fact to be determined from the evidence.  His acts, as testified to, subsequent to the delivery, were to be weighed, as bearing upon that question.  They were not of such a character as to amount to clear proof of waiver, but were explainable, consistently with his claim of a conditional sale.  Its determination fell peculiarly within the province of the jury.  Upon neither question, was the evidence so clear and free from doubt, as to justify ordering a nonsuit, but the whole case should have been submitted to the jury.

*Exceptions sustained.*